## VARLOTTA CONSTRUCTION CORP., Plaintiff,

v.

## CARLA DEVELOPMENT CORPORATION, Jeryl Industries, Kings Court, Mimi Development, Lincoln Park Nursing Home, Andover Town Houses, Andover Intermediate Care, Kernan Quarry, Road Building & Construction Co., Jerry Turco and Dolores Turco, Defendants.

No. 90–CR–0079 (JG).

United States District Court, E.D. New York.

May 17, 1995.

---

Mark A. Rosen, Max E. Greenberg, Cantor, Trager & Toplitz, New York City, for plaintiff.

Raymond E. Murphy, Jr., Kearny, NJ, for defendants Jeryl Industries and Jerry Turco.

Robert E. Margulies, Margulies, Wind, Herrington & Knopf, Jersey City, NJ, for Remaining Defendants.

## MEMORANDUM AND ORDER

GLEESON, District Judge:

On May 4, 1995, the Court conducted a final pretrial conference in this case. Jury selection and trial were scheduled to commence on May 15, 1995. At the pretrial conference, counsel for the defendants stated their intention to move to dismiss the complaint for lack of subject matter jurisdiction. Such a motion had been made twice before (once to each of the judges to whom the case was previously assigned), and had been denied both times. Because the second denial contemplated the possibility of a renewal of the motion, and because subject matter jurisdiction may be challenged at any time, *see, e.g., United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Properties Meriden Square, Inc.,* 30 F.3d 298 (2d Cir.1994), the Court set a briefing schedule for the motion.

The motion was fully briefed on May 12, 1995, one business day before trial. On May 15, 1995, the Court held oral argument on the defendants' motion and took it under advisement, and the trial commenced. The following day, the Court granted the motion and discharged the jury. This memorandum sets forth the reasons for that decision.

On February 14, 1980, two companies, Varlotta Construction Company ("VCC") and Road Building and Construction, Co., Inc. ("Road Building"), executed a written joint venture agreement. The purpose of the joint venture was to join forces to bid on and perform road paving contracts. Although the agreement provided that the joint venture would operate under the name "Varlotta–Road Building," it actually performed the work under the name of VCC.

VCC commenced this action on January 9, 1990. It seeks damages from Road Building, Jerry and Dolores Turco, and nine corporations controlled by the Turcos for goods, materials, equipment and services provided to them by VCC. Jurisdiction was based on diversity of citizenship, as VCC is a New

York corporation and all the defendants are New Jersey corporations or residents.

Since VCC conducted its own business and the business of the joint venture under the same name, there has been some confusion as to which entity, *i.e.*, the corporation or the joint venture, is the plaintiff in this case.[1] The issue is not an academic one. If the plaintiff is the joint venture, there is no subject matter jurisdiction. The reason for this is that, for the purpose of determining whether diversity jurisdiction exists, unincorporated associations such as joint ventures are citizens of every state in which their members are citizens. *See generally* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3630 (1995). Because Road Building is a member of the joint venture, the joint venture is a citizen of both New Jersey and New York. Thus, if the plaintiff is the joint venture, complete diversity is absent, and there is no subject matter jurisdiction.

In opposing this motion, plaintiff contends that VCC the corporation, not VCC the joint venture, has brought this action, and thus that complete diversity exists. This argument fails for two reasons. First, as a factual matter, it is belied by the record. In an affidavit dated November 21, 1990, submitted in opposition to a prior motion to dismiss for lack of subject matter jurisdiction, counsel for plaintiff stated as follows:

> Plaintiff, at all times relevant, was a joint venture engaged in the construction business. The joint venture was comprised of two parties, Road Building and Construction Co., Inc. and Varlotta Construction Corp. During the existence of said joint venture, the joint venture was requested by Jerry and Dolores Turco to furnish the defendants in this action with certain goods, materials, equipment and services, the value of which exceeded $219,167.71, exclusive of interest.

(Affidavit of Mark A. Rosen, Esq., dated November 21, 1990 at ¶ 5.) In addition, the president of VCC, Isabel Varlotta, testified at her deposition that the claims in this case are the claims of the joint venture:

> Q. Is it your claim in this action that the goods, services, materials and equipment which Varlotta Construction Corp., as the plaintiff in this action, seeks to recover from each of the defendants were provided to the defendants in this action by the joint venture?
>
> A. They were provided by the joint venture, yes.
>
> Q. So the claims that Varlotta Construction Corp. has raised in the context of this Federal Court litigation in the Eastern District of New York are joint venture claims?
>
> A. Yes.

(Affirmation of Laura E. Castelli, Esq., dated June 25, 1993, Exhibit C at 60.)

Even now, plaintiff concedes that "[i]t is true that the claims at issue in this case are subject to the joint venture agreement," and any monies recovered "will be subject to the joint venture agreement." (Affidavit of Mark A. Rosen, Esq., dated May 10, 1995 at ¶ 9.) Thus, although plaintiff insists that it is a New York corporation—and not the joint venture that did business under the name "Varlotta Construction Corp."—its prior sworn representations strongly suggest otherwise.

The second reason plaintiff's argument fails is a legal one: even if VCC the corporation (as opposed to VCC the joint venture) is the plaintiff, the real party in interest is the joint venture. Under New York law, a suit on a debt due to a partnership may be brought by one of the partners, but it must be brought on behalf of and for the benefit of the partnership; a partner may not recover on such an obligation individually. *D'Ippolito v. Cities Service Co.*, 374 F.2d 643, 647 (2d Cir.1967). "The rules of law applicable to partnerships also govern joint ventures." *International Television Productions, Ltd. v. Twentieth Century–Fox,*

---

1. As pointed out by Judge Denis R. Hurley in his memorandum opinion dated March 28, 1994, denying a prior motion to dismiss, "Plaintiff has evidenced some confusion over the capacity in which it is litigating the present action. In certain papers, it calls itself a joint venture. In other papers, including its complaint, it refers to itself as a corporation." Id. at 3.

318

622 F.Supp. 1532, 1535 and n. 6 (S.D.N.Y. 1985) (citing cases); *W.C. Heinz v. Simon & Flynn, Inc.*, 444 F.Supp. 114, 117 (S.D.N.Y. 1978) (any claim by joint venturer to monies owed to the joint venture "would be of necessity on behalf of the joint venture").

Thus, even if the plaintiff is the joint venturer, the real party in interest is the joint venture. Indeed, by recognizing that it seeks to recover amounts due to the joint venture, and that any recovery would be "subject to" the joint venture agreement, plaintiff essentially concedes this point.

■ Where the real party in interest is an unincorporated association, one of whose members is a citizen of the same state as a defendant, complete diversity is lacking even if the nominal plaintiff satisfies the diversity requirement. *Envirotech Corp. v. Bethlehem Steel*, 729 F.2d 70, 73 (2d Cir.1984). In *Envirotech*, CAPC Corporation was a member of a partnership including Envirotech Corp., and brought a diversity action against Bethlehem Steel alleging that it had breached certain contracts with the partnership. The district court had determined that the real party in interest was the partnership, and dismissed the complaint for lack of jurisdiction because Envirotech Corp. and Bethlehem Steel were both Delaware corporations. *Id.* at 73. Although the dismissal was not at issue on appeal, the Second Circuit observed, citing *D'Ippolito, supra,* that "complete diversity was always lacking." *Id.*

Accordingly, whether the plaintiff in this case is the joint venturer or the joint venture, the claims belong to the latter. Under the principles set forth above, I therefore conclude that complete diversity is absent, and the complaint must be dismissed.

So Ordered.